MERRIMAN S. SMITH, Judge.
These five claimants filed their several claims against the state road commission for damages growing out of the same auto *206 mobile accident, each claim being for a specific amount. Since the facts and circumstances surrounding the accident are the same the said several claims are combined and heard together.
On Saturday, July 14, 1945, Dewey Taylor, party chief of a surveying crew of the state road commission, together with six other men, had been working below Liverpool and Sandy-ville, about fifteen miles from their headquarters at Ripley. At noon, on that day, they discontinued work for the week and returned to Ripley for lunch. Since it was Saturday that was considered the workday. After lunch Taylor repaired to his room at the hotel in Ripley and checked his notes. He testified that this work required two or three hours. (Record p. 190). He and Walker and Triplett then drove to Spencer, about twenty-five miles from Ripley, in a state station wagon. While at Spencer, Taylor made arrangements at the Spencer-Roane Hotel with the manager, Margaret E. Lockhart, for the following week for lodging and meals for himself and his crew, since they were to change their headquarters from Ripley. About six o’clock P. M., instead of returning to their headquarters at Ripley, Taylor with Walker and Triplett, proceeded to drive to their home at Walton. John Walker was at the wheel when they left Spencer. Upon reaching the suburbs of the town, the station wagon sideswiped a parked automobile belonging to Mr. William S. Ryan, then prosecuting attorney for Roane county. After this occurrence Taylor took over the wheel. When he had driven about twelve miles and while rounding a curve he crossed the center line of the highway on his left and ran head on into a Chevrolet pick-up truck owed by claimant Margaret Darlington, and driven by her husband, claimant B. F. Darlington, causing the accident for which these claims for damages are sought. The accident occurred about two miles from Walton, in Roane county, on route 119, between six and seven o’clock in the evening.
Prom the time that Taylor left Spencer, he elected to be on his own business and was in no way acting within the scope of his employment by the state road commission. As above stated, his headquarters were at Ripley, where the state had *207 provided for his room and sustenance and his going home at Walton was for his own benefit, comfort, and pleasure. No one understood more clearly than Taylor himself that he was on his own business since he had imbibed in strong drink and was under the influence of liquor. While on his way to his home he permitted Walker, without a license, to drive the station wagon and he himself drove it while in a state of intoxication. It is made clear by the evidence that while thus on his way to his home at Walton, Taylor was in no manner engaged within the scope of his employment for the state road commission.
While it is clear that Taylor might be personally liable to the claimants, the evidence is insufficient to warrant or justify responsible for the happening of the accident.
It is our opinion that the compensation commission erred in awarding compensation -to Walker since neither Taylor, Walker nor Triplett were in the furtherance of their employer’s awards to them against the state. The state is in no way business nor within the scope of their employment, nor in any way were they promoting the business of the state at the time of this unfortunate accident.
Awards are, therefore, denied by a majority of the court, and the claims dismissed.